2006 OK 13

**STATE of Oklahoma, ex rel, OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Scott Gerald ROBELEN, Respondent.**

SCBD No. 4807.

Supreme Court of Oklahoma.

Feb. 14, 2006.

## ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Scott Gerald Robelen pending disciplinary proceedings, this Court finds:

1. On November 8, 2005, Robelen submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Robelen's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) he was not subject to coercion or duress; and c) he was fully aware of the consequences of submitting his resignation.

3. Robelen states the following in his affidavit of resignation:

"I am aware that the following matters are pending against me: On April 18, 2003, a Complaint was filed in the Supreme Court of Oklahoma, styled *Oklahoma Bar Association v. Scott Robelen*, OBAD # 1574, SCBD # 4807." Additionally, Robelen was stricken from the practice of law on September 12, 2005 for failing to pay dues and failing to comply with MCLE requirements.

4. Robelen is aware that the allegations set forth, if proven, would constitute violations of the Rules Governing Disciplinary Procedures and his oath as an attorney. He waives all right to contest the allegations.

5. Robelen's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. ch. 1, app.1–A (2001) and it should be approved.

6. Robelen acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. Robelen acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Robelen agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. The Oklahoma Bar Association has agreed to waive costs in the matter at hand.

9. The official roster address of Robelen as shown by Bar Association records is: Scott G. Robelen, OBA # 014016, 4313 Cedar Springs, Dallas, Texas.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Scott G. Robelen be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Robelen may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Robelen shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any money expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 13th day of February, 2006.

CONCUR: WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, KAUGER, EDMONDSON, TAYLOR, JJ.

NOT PARTICIPATING: COLBERT, J.